**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**UNITED STATES OF AMERICA**                          **PLAINTIFF**

**V.**                      **CAUSE NUMBER: 1:17-cr-00093-JDM-DAS**

**JOHN CASEY CROW**                         **DEFENDANT**

## <u>ORDER</u>

Before the Court is John Casey Crow's pro se Motion to Correct Judgment Pursuant to Federal Rule of Criminal Procedure 36. [40] When this Court sentenced Crow, it awarded him credit for the time he served in custody before sentencing. But the Federal Bureau of Prisons (BOP) could not apply the credit to this Court's sentence. That's because the credit had already been applied to his related state sentence. So Crow asks this Court to now adjust his federal sentence by giving him this same credit on his federal sentence. But Crow cannot double dip. In other words, he cannot have his time-served credit applied to both his state *and* federal sentences.

What Crow wants the Court to do is adjust his sentence based on the assumption the sentencing judge failed to consider a sentencing guidelines provision.[1] But this Court cannot divine the sentencing judge's mind. And it is unwilling to speculate that the sentencing judge overlooked the guideline provision when structuring Crow's sentence. The hard truth is that Crow did indeed receive credit for time served, just not on the sentence he wanted it applied to. Therefore, Crow's motion is **DENIED**.

---

[1] Senior District Judge Neal Biggers sentenced Crow in this case. After Judge Biggers died, the case was reassigned to the undersigned Judge.

**Facts and Procedural History**

This case originates from related drug offenses Crow pleaded guilty to in four different jurisdictions. After Mississippi authorities arrested Crow on June 12, 2017, federal authorities assumed custody of Crow on charges from the United States District Court for the Western District of Tennessee. On November 20, 2017, that court sentenced Crow to 120 months' imprisonment. It later reduced Crow's sentence to 60 months. Crow was then transferred to Mississippi for sentencing on related drug charges in state court.

Crow faced state charges in both Prentiss County and Alcorn County. On January 30, 2018, the Prentiss County Circuit Court sentenced Crow to 20 years. That same day, the Alcorn County Circuit Court sentenced Crow to 20 years to run concurrently with the Prentiss County sentence and the Tennessee federal sentence.

On July 30, 2018—after being sentenced in three separate courts—this Court sentenced Crow on two drug-related charges. Count 1 charged Crow with possession with intent to distribute methamphetamine. Crow's guideline range on Count 1 was 168 months' to 210 months' imprisonment. But the Court granted a downward departure and sentenced Crow to only 120 months. And the Court ordered this sentence be served concurrent to his three prior sentences.

Count 2 charged Crow with possession of a firearm in furtherance of a drug trafficking crime. That charge carried a 5-year imprisonment term, but the Court only imposed 12 months and one day consecutive to Count 1's sentence. In total, this Court gave Crow 132 months and one day in this case. The Court's judgment stated Crow "shall receive credit for time served since his detainment on June 30, 2017."

After this Court sentenced Crow, he remained in Mississippi Department of Corrections custody on his state sentences. Mississippi released Crow on parole to federal authorities on

April 9, 2024. After Crow arrived at federal prison, BOP computed his federal sentence. It determined Crow's custody period beginning June 30, 2017 could not be credited toward his federal sentence. BOP took this position because his time served had already been credited to his state sentence.

### Discussion

In March 2026, Crow filed his motion to correct the judgment under Rule 36. He notes BOP correctly declined to award him time served credit under 18 U.S.C. § 3585(b) since his time-served credit had already been applied to his state court sentences. But Crow's argument does not depend on BOP's computation. Instead, he points to United States Sentencing Guideline § 5G1.3. He argues § 5G1.3 allows a sentencing court to consider the possibility BOP may not be able to apply any time-served credit. According to Crow, a court can structure a sentence using § 5G1.3 to guarantee a defendant receives the practical effect of time-served credit even if § 3585(b) limits BOP from applying credit. And Crow argues Rule 36 allows this Court to correct its previous oversight of § 5G1.3 when sentencing him.[2]

But Crow's argument fails. First, he *did* receive credit for time served. Though his credit was applied to his state sentence—not his federal sentence—Crow cites no authority permitting a judge to craft *one* credit award, then apply it to *more than one* sentence. Second, Crow's argument misconstrues § 5G1.3. While he is correct about § 5G1.3's operation *during sentencing*, he is wrong about its timing. Section 5G1.3 allows courts to structure sentences *before* imposing them. It does not permit a trial court to restructure a sentence years *after* it has imposed the sentence.

---

[2] "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36.

Generally, "§ 5G1.3 operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." *Witte v. U.S.*, 515 U.S. 389, 405 (1995). Subsection (b)(1) permits a court to "adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons[.]" U.S.S.G. § 5G1.3(b)(1).

But nowhere does § 5G1.3 suggest that a judge may adjust a sentence under the section long after the sentence is imposed. Rather, § 5G1.3 is a sentencing tool used by courts to consider and implement sentences to account for uncredited time served. Put a bit differently, if a court thinks a certain amount of time served will not be credited to a sentence, then it can proactively impose a lesser sentence under § 5G1.3 than it may have done under different circumstances. [3]

Here, contrary to § 5G1.3's pre-sentence operation, Crow wants this Court to revisit and adjust his sentence under § 5G1.3 years later. Crow cites no authority where a court has retroactively adjusted a sentence under § 5G1.3 as he suggests. And this Court has not found any. To the extent Crow argues Judge Biggers failed to consider § 5G1.3 when structuring his sentence, this Court does not bite.

That's because it is not the function of this Court to "probe the mental processes" of Judge Biggers. *U.S. v. Morgan*, 313 U.S. 409, 422 (1941) (quoting *Morgan v. U.S.*, 304 U.S. 1, 18

---

[3] The guidelines commentary gives an example of a sentence adjustment under subsection (b). It describes a defendant who was convicted and sentenced to nine months in state court. After serving six months in state prison, a federal court sentences him on related charges. The court determines 13 month's imprisonment is appropriate. But because the defendant had already served six months on the related state charge, the court utilizes § 5G1.3 and imposes a seven-month sentence concurrent with the remainder of the state sentence. Thus the court effectively gives the defendant six months' credit for his time served on the state sentence by imposing only seven months on the federal sentence.

(1938)); *see also Fayerweather v. Ritch*, 195 U.S. 276 (1904). Judge Biggers imposed a 120-month sentence when Crow's Count I guideline range was 168 to 210 months. And this Court will not second guess his varied considerations for sentencing Crow well below the guideline range. To assume Judge Biggers did not consider § 5G1.3 is simply too speculative.

### Conclusion

Crow cannot show § 5G1.3 applies years after a structured sentence has been imposed. And his assumption that Judge Biggers overlooked the section requires speculation beyond this Court's ability. Still, the bottom line remains—Crow already got his credit for time served.

For these reasons, Crow's Motion for Correction of Judgment [40] is **DENIED**.

**SO ORDERED**, this the 28th day of May, 2026.

 /s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI